**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIK VAN SINDEREN | ) |
| PLAINTIFF | ) |
| | ) CIVIL ACTION |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC | ) |
| DEFENDANT | ) |

**VERIFIED  COMPLAINT**

**The Plaintiff demands a trial by a jury of twelve and two alternates.**

**PRELIMINARY STATEMENT**

This action is brought by an individual consumer pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, ("FDCPA" or the "Act").

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

3. Plaintiff Erik Van Sinderen ("Plaintiff") resides at 518 Kimberton Road, #188, Phoenixville, Chester County Pennsylvania and he is a citizen of the Commonwealth of Pennsylvania.

4. Defendant Cavalry Portfolio Services, LLC has mailing address of Cavalry Portfolio Services, LLC, 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

5. The Defendant is a debt collector and is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

6. The Defendant was and is retained by creditors (collectively "Creditors") to collect unpaid debts from consumer debtors such as the Plaintiff.

7.  Defendant's employees acting within the scope of their actual or apparent authority performed the acts of the Defendant alleged hereinafter.

## SUBSTANTIVE ALLEGATIONS

8.  The Plaintiff allegedly incurred a debt. Said debt will hereinafter be referred to as "the Subject Debt".

9.  Upon information and belief, the Subject Debt was an alleged obligation to pay money arising out of a transaction in which the money or services, which were the subject of the transaction, were primarily for personal, family or household purposes to wit, a debt to Bank of America.

10. The Subject Debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11. On November 6, 2012, Madeline, an employee of Defendant debt collector, placed a debt collection telephone call to the Plaintiff. Madeline contacted the Plaintiff in connection with the Subject Debt, notwithstanding that the Defendant had actual knowledge of the Plaintiff's representation by counsel with respect to the Subject Debt.

12. On November 8, 2012, when asked why on November 6, 2012, an employee of the Defendant contacted the Plaintiff with respect to the Subject Debt after it knew that the Plaintiff was represented by counsel, Employees of the Defendant falsely claimed that at 11:47 am on April 5, 2012, the Plaintiff contacted the Defendant to request that they remove all notations indicating that counsel represented the Plaintiff with respect to the Subject Debt.  The Plaintiff made no such request to the Defendant.

13. The Defendant sent debt collection correspondence dated November 8, 2012, to the Plaintiff with respect to the Subject Debt after it knew that the Plaintiff was represented by counsel.

14. On November 12, 2012, when asked why on November 6, 2012, an employee of the Defendant contacted the Plaintiff with respect to the Subject Debt, after it knew that the Plaintiff was represented by counsel, Sean Sawyer, a Manager for the Defendant stated that after a review of the "notations" on the Plaintiff's "record" he could find no reason why the Defendant failed to contact the Plaintiff's attorney with respect to the Subject Debt and contacted the Plaintiff directly.

15. After notice and knowledge of the Plaintiff's representation in connection with the Subject Debt, as aforesaid, the Defendant, nevertheless continued its pursuit of the collection.

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978**

16. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

17. The claims for debts sent by the Defendant to the Plaintiff for collection comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

19. The Defendant has violated 15 U.S.C. § 1692d because its activity as described herein is "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

20. The Defendant has also violated 15 U.S.C. § 1692c(a)(2) which proscribes the debt collector from communicating with the Plaintiff after the debt collector knew the Plaintiff was by represented by an attorney with respect to the debt in question.

21. Defendant is liable to the Plaintiff for damages under 15 U.S.C. §1692k, including also without limitation costs and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)    Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(l);

(b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A)

(c)    Costs, disbursements and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

(d)     For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

                          Respectfully submitted:
                          RNL3966

                          By_____
                          RICHARD N. LIPOW, ESQUIRE
                          625    Swedesford  Road,  Malvern  Pennsylvania
                          19355; (610) 251-2500

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Erik Van Sindren affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Erik Van Sindren

_____

Erik Van Sindren